# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JUDITH ROBINSON,**

    **Plaintiff,**

**v.**                                                  Case No: 6:17-cv-559-Orl-31GJK

**RANDY LEE HILL, BJ LOUGHMAN LAKE LODGE, LLC and ANYWHERE ANYTIME AIRBOAT TOURS, LLC,**

    **Defendants.**

## ORDER

This Matter comes before the Court on the Motion to Dismiss (Doc. 18) filed by Defendant Randy Lee Hill ("Hill"); the Motion to Dismiss (Doc. 28) filed by Defendants BJ Loughman Lake Lodge, LLC ("LLL") and Anywhere Anytime Airboat Tours, LLC ("AAA"); and the Responses (Docs. 23, 34) filed by the Plaintiff.

Hill moves to dismiss Count X, which alleges a violation of the Violence Against Women Act ("VAWA"), for failure to state a claim, arguing that it has been deemed unconstitutional by the United States Supreme Court. Doc. 18 at 2. LLL and AAA move to dismiss the entire Amended Complaint for failure to state a claim on which relief can be granted. Doc. 28 at 2.

### I. Factual Background

Prior to the relevant time period, the Plaintiff worked as a manager for LLL, a restaurant on the St. Johns River in Brevard County, Florida. Around mid-2016, Jack Barta, the owner of LLL, informed the Plaintiff that he was hiring a new manager and requested that she stay on for three months in order to train the new manager. The Plaintiff agreed, and Barta told the Plaintiff to "do whatever [the new manager] tells you to do." Amend. Compl. ¶ 10. The new manager, Hill,

repeatedly told the Plaintiff that he was a "partner" in LLL. *Id.* ¶ 11-12. He informed her that one of the changes he would make was to integrate AAA into the operations and employment at LLL, creating a joint operation. *Id.* ¶ 13. He began making frequent and regular sexual comments to the Plaintiff and other female employees. *Id.* ¶ 15, 17-18. Hill also "pressed[ed] his (clothed) genitals against [the Plaintiff's] (clothed) buttocks in a grossly sexual manner" multiple times during an eighteen-day period. *Id.* ¶ 16. Hill repeatedly and regularly asked the Plaintiff for sexual favors. *Id.* ¶ 21. Additionally, Hill hired an assistant manager, named Dale Dees, who also made regular sexual comments to the Plaintiff and other female employees, apparently with the approval of Hill. *Id.* ¶ 20.

On August 31, 2016, Hill instructed the Plaintiff to come into work while the restaurant was closed in order to help with managerial duties; he then instructed her to go with him in an AAA boat on the St. Johns River to show him where former airboat pilots had taken guests on tours. *Id.* ¶ 23. Hill led the Plaintiff to believe that she was required to go with Hill as a "crewperson," because he signed her paychecks and because AAA operations were "part of her job" at LLL. *Id.* ¶ 23-24. When they were out on the St. Johns River, Hill "attacked [the Plaintiff] by painfully and offensively pressing his mouth over her mouth, by penetrating her mouth with his tongue, by groping the genital area of her clothing, and by pressing his (clothed) crotch on her." *Id.* ¶ 25. The Plaintiff pushed Hill away and told him to stop. Then, after taking the airboat to a different location on the St. Johns River, Hill "repeated his sexual attacks." *Id.* ¶ 26. The Plaintiff demanded that Hill take her back to LLL, and he did. Upon their return, the Plaintiff went to get her purse so that she could leave, "but Hill grabbed her from behind, pulled her to him and . . . put his hand down the front of [the Plaintiff's] pants and brutally and painfully inserted one or more of

his fingers into her vagina." *Id.* ¶ 27. The Plaintiff pushed him away, left LLL, and never returned to work for LLL or AAA.

The Plaintiff reported the August 31 incidents to the police, and after a controlled call from the Plaintiff to Hill, the police arrested Hill for felony sexual battery and assault on the Plaintiff. *Id.* ¶ 29. After Hill's arrest, he allegedly either publicized or caused to be publicized falsehoods about the Plaintiff, including that she was fired for stealing money from LLL/AAA. The Plaintiff also claims that, after the arrest, Hill had associates and/or friends attempt to threaten and intimidate her into dropping the criminal charges.

## II.     Legal Standards

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. *See* Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th

Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

### III. Analysis

#### A. Count I

In Count I, the Plaintiff alleges Sexual Harassment, Assault, and Battery under the Jones Act, 46 U.S.C. § 30104, et seq., against LLL and AAA. Section 30104 provides that "[a] seaman injured in the course of employment . . . may elect to bring a civil action at law, with the right of trial by jury, against the employer." There are two essential requirements for seaman status under the Jones Act: (1) the employee must have duties that "contribute to the function of the vessel or the accomplishment of its mission," and (2) the employee "must have a connection to a vessel in navigation . . . that is substantial in terms of both its duration and its nature." *Chandris, Inc. v. Latsis*, 515 U.S. 347, 368 (1995) (internal quotations and citations omitted). Ultimately, however, if reasonable minds could differ as to whether an individual qualifies as a seaman, it remains a question of fact for a jury to resolve. *Id.* at 369.

In the Amended Complaint, the Plaintiff alleges that she "was a crewperson on one or more of Defendants' airboats on the navigable waters of the St. Johns River." Amend. Compl. ¶ 7. The Plaintiff also alleges that Hill told her that he was a "partner" in LLL, and that AAA and LLL became a "joint operation" after Hill became the new manager. *Id.* ¶ 11-13. The Plaintiff has sufficiently alleged that she had a duty that contributed to the accomplishment of the vessel's

mission: she went on the boat in order to show Hill locations for AAA airboat tours. However, the Plaintiff has not alleged that she had a connection to the vessel that was substantial in terms of both its duration and its nature. There is no indication that the Plaintiff's connection to the vessel was such that it "regularly expose[d] [her] to the perils of sea." *See Chandris, Inc.* 515 U.S. at 368. Accordingly, Count I of the Amended Complaint will be dismissed.

### B. Counts II and III

Count II alleges Intentional or Reckless Infliction of Severe Emotional Distress against all Defendants. To state a claim for intentional infliction of emotional distress under Florida law, the plaintiff must prove (1) deliberate or reckless infliction of mental suffering; (2) by outrageous conduct; (3) which must have caused suffering; and (4) the suffering must have been severe. *Hart v. United States*, 894 F.2d 1539, 1548 (11th Cir. 1990) (citing *Metro. Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278–79 (Fla. 1985)). Liability will lie only where the defendant's conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *McCarson*, 467 So. 2d at 278–79.

LLL and AAA argue that the Plaintiff "merely alleges one (1) instance of offensive touching and several incidents of verbal harassment." Doc. 28 at 7. However, the Plaintiff alleged multiple instances of offensive touching, including one that involved digital penetration of her vagina. Certainly such conduct is utterly intolerable in a civilized community. The Plaintiff has sufficiently stated a claim for intentional infliction of emotional distress.

Count III alleges Negligent Infliction of Emotional Distress against LLL and AAA. In some situations, Florida law allows plaintiffs to recover for mental distress and anxiety resulting from the negligent actions of another. The elements of the tort of negligent infliction of emotional

distress vary depending on whether the plaintiff has suffered a physical impact from an external force:

> If the plaintiff has suffered an impact, Florida courts permit recovery for emotional distress stemming from the incident during which the impact occurred, and not merely the impact itself. If, however, the plaintiff has not suffered an impact, the complained-of mental distress must be manifested by physical injury, the plaintiff must be involved in the incident by seeing, hearing, or arriving on the scene as the traumatizing event occurs, and the plaintiff must suffer the complained-of mental distress and accompanying physical impairment within a short time of the incident.

*Eagle–Picher Indus., Inc. v. Cox*, 481 So.2d 517 (Fla. 3d DCA 1985) (internal quotations omitted). The Plaintiff alleges that she suffered multiple impacts when Hill touched her offensively, and that she has suffered severe emotional distress as a result of that impact. The Plaintiff has adequately stated a claim for negligent infliction of emotional distress.

### C. Counts IV and V

Count IV alleges battery against all Defendants, and Count V alleges assault against all Defendants. LLL and AAA argue that Counts IV and V should be dismissed because the "Plaintiff has not alleged that Hill's actions were within the scope of his employment."[1] Doc. 28 at 8. For LLL and AAA to be liable for the Hill's intentional tortious acts under the theory of *respondeat superior*, Hill's "conduct must have been within the scope of his employment; the conduct must: (1) have been the kind he was employed to perform; (2) have occurred within time and space limits of his employment; and (3) must have been activated at least in part by a desire to serve the master." *Ayers v. Wal-Mart Stores, Inc.*, 941 F. Supp. 1163, 1168 (M.D. Fla. 1996). LLL and AAA argue that, because the "assault and battery occurred on [the Plaintiff's] day off . . . the alleged acts did not occur substantially within the time and space limits authorized or required by

---

[1] Curiously, LLL and AAA do not make this argument with respect to Count II.

the work to be performed." Doc. 28 at 8. There are two problems with this argument. First, for Hill's actions to be within the scope of *his* employment, it might matter whether the incidents occurred on *his* day off, but it would not matter whether it was the Plaintiff's day off. Second, even though the Plaintiff was supposed to be off work that day, Hill instructed her to come to work to handle managerial duties. The incidents occurred while Hill and the Plaintiff were on an AAA boat engaged in the business of scouting-out airboat tour locations for the allegedly joint operation of AAA and LLL. The Plaintiff has sufficiently alleged that the incidents occurred within the time and space limits of Hill's employment with AAA and LLL.

### D. Counts VI and VII

Count VI alleges the existence of a hostile work environment under Title VII against LLL and AAA. Count VII alleges sexual discrimination under the Florida Civil Rights Act ("FCRA"). The FCRA is modeled after Title VII; thus, Title VII decisions are applicable to FCRA cases. *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998). To establish a hostile-environment sexual-harassment claim under Title VII, Plaintiff must show:

> (1) that he or she belongs to a protected group; (2) that the employee has been subject to unwelcome sexual harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature; (3) that the harassment must have been based on the sex of the employee; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable.

*Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999). LLL and AAA argue that Counts VI and VII should be dismissed because (1) the Plaintiff does not sufficiently allege vicarious liability, and (2) the Plaintiff "fails to allege that actions were so pervasive and severe, so as to alter a term, condition, or privilege of employment and create an abusive environment." Doc. 28 at 9-10.

In support of their vicarious liability argument, AAA and LLL cite *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998). *Faragher* held that "[a]n employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee." *Id.* Here, the Plaintiff has alleged that Hill was her supervisor and that, in addition to being at least a partial owner of AAA and LLL, he was also the joint operation manager. Thus, the Plaintiff has stated a viable claim against AAA and LLL for vicarious liability for Hill's misconduct.

AAA and LLL's argument that the Plaintiff has failed to allege that Hill's actions were sufficiently severe or pervasive also fails. No reasonable person could be expected to continue working in the environment that Hill allegedly created: regular offensive physical contact; repeated requests for sexual favors; frequent sexually offensive and vulgar comments, at least one of which threatened sexual penetration; and, ultimately, physical sexual assault. Taking the Plaintiff's allegations as true, Hill's conduct certainly rose to the level of altering the terms and conditions of employment and creating an abusive environment. The Plaintiff has adequately stated claims for sexual discrimination under Title VII and the FCRA.

### E. Counts VIII and IX

Count VIII alleges retaliation under Title VII against LLL and AAA. Count IX alleges retaliation under the FCRA against LLL and AAA. "Under Title VII, it is an unlawful employment practice for an employer to discriminate against an employee 'because [she] has opposed any practice made an unlawful employment practice by this subchapter, or because [she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.' 42 U.S.C. § 2000e-3(a)." *Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 959 (11th Cir. 1997). In order to maintain a claim for

retaliation under Title VII, a plaintiff must show that "(1) [s]he engaged in statutorily protected activity, (2) [s]he suffered a materially adverse action, and (3) there is a causal relationship between the two." *Schiele v. S. E. Showclubs, LLC*, No. 8:16cv02308-JSM-MAP, 2017 WL 2834779, at *2 (M.D. Fla. June 30, 2017) (citing *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1181 (11th Cir. 2010)). The Plaintiff alleged that, when she resisted Hill's offensive actions and comments, all of the Defendants "began retaliating against her by, among other things, increasing the sexual harassment and remarks and treating her with monstrous, terrorizing hostility." Compl. ¶ 35. The Plaintiff also alleged that the Defendants "took post-employment adverse actions," including threats, intimidation, and defamation, against her "because she complained about the sexual discrimination and sexual harassment." *Id.* ¶ 85. However, the Plaintiff's conclusory reference to resisting and "complain[ing] about the sexual discrimination and sexual harassment" is not a sufficient allegation that she engaged in statutorily protected activity. The Plaintiff gives no details as to the nature of her complaints or resistance, what she complained about specifically, or to whom she complained. *See Gonzalez v. Kellogg Co.*, No. 8:15-CV-32-T-24TBM, 2015 WL 1538151, at *3 (M.D. Fla. Apr. 7, 2015). Consequently, Counts VIII and IX will be dismissed.

**F. Count X**

Count X alleges a violation of the Violence Against Women Act ("VAWA") against all Defendants. The Supreme Court held the VAWA provision that created a civil remedy unconstitutional in *United States v. Morrison*, 529 U.S. 598 (2000); accordingly, the VAWA "does not provide plaintiff with a civil remedy." *Brewer v. Pensacola Police Dep't*, No. 3:15cv469-MCR-CJK, 2015 WL 13238671, at *3 (N.D. Fla. Nov. 13, 2015), *report and recommendation adopted sub nom. Dilek Brewer v. Pensacola Police Dep't*, No. 3:15cv469-MCR-CJK, 2015 WL 8207502 (N.D. Fla. Dec. 7, 2015); *see also Truesdell v. Thomas*, No. 5:13cv552-

OC-10PRL, 2015 WL 413103, at *8 (M.D. Fla. Jan. 30, 2015); *United States v. Neth*, No. 6:09cr00210-PCF-GJK, 2010 WL 1257699, at *4 n.8 (M.D. Fla. Mar. 30, 2010). The Plaintiff argues that the civil remedy in VAWA should still be available where the injury occurs in areas of traditional federal jurisdiction. However, the Plaintiff cites no authority in support of that contention. The Plaintiff cannot maintain a claim for a civil remedy that has been held unconstitutional by the Supreme Court. Accordingly, Count X will be dismissed with prejudice.

### IV. Conclusion

For the foregoing reasons, it is hereby **ORDERED** that Defendant Hill's Motion to Dismiss Count X (Doc. 18) is **GRANTED**. The Motion to Dismiss filed by AAA and LLL (Doc. 28) is **GRANTED** as to Counts I, VIII, IX, and X and **DENIED** as to all other Counts. Counts I, VIII, and IX are **DISMISSED** without prejudice. Count X is **DISMISSED** with prejudice. If the Plaintiff wishes to amend her Complaint as to Counts I, VIII, and IX, she must do so by March 6, 2018.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 20, 2018.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party